IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD W. SWEENEY,
    Plaintiff,

vs.                                    Case No.: 3:15cv167/RV/EMT

ROYAL AUTOMOTIVE GROUP
d/b/a/ KIA,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, commenced this civil action against his former employer, Royal Automotive Group d/b/a KIA, by filing an employment discrimination complaint under 42 U.S.C. § 2000e, *et seq.* (doc. 1). He also filed a motion to proceed in forma pauperis (doc. 2).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b). After careful consideration Plaintiff's allegations, it is the opinion of the undersigned that transfer of this action is warranted.

    Title VII's venue provision states, in relevant part, that the appropriate venue for Title VII claims is:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3). The venue provisions of § 2000e–5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions, and the more general

provisions of § 1391 are not controlling in such cases.  *See* Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) (citing Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1102–03 (D.C. Cir. 1969)); Ford v. Valmac Indus., Inc., 494 F.2d 330, 332 (10th Cir. 1974).  The plaintiff has the burden of showing that venue in the forum is proper.  *See* Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352, 1355 (11th Cir. 1990).  If a plaintiff brings suit in a jurisdiction that does not satisfy one of these venue requirements, venue is improper.  *Id.*

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).  Generally, the "interest of justice" requires courts to transfer cases to the appropriate judicial district rather than dismiss them.  *See* Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962).

Applying the Title VII venue provision to the facts alleged by Plaintiff in his complaint (doc. 1), it is clear that venue in this district court is improper, and the action should be transferred to the District of Arizona.  Plaintiff alleges he was employed by Defendant Royal Automotive Group d/b/a KIA, in Tucson, Arizona (*id.* at 3).  He alleges Defendant's headquarters is also located there (*id.*).  Plaintiff alleges the allegedly discriminatory conduct occurred in Arizona (*see id.* at 4–5, 7), and he has made no allegation that the majority of his employment records are located outside of Arizona, much less in Florida.  Although the court appreciates Plaintiff's desire to litigate the case close to home,[1] it is bound by the statutory venue provision governing Plaintiff's Title VII claims.  *See, e.g.*, Pinson, 192 F. App'x at 817; Van Durr v. Geithner, No. 1:11cv227/MCR/GRJ, 2012 WL 2890449, at *1–2 (N.D. Fla. June 8, 2012), *Report and Recommendation Adopted by* 2012 WL 2890346, at *1 (N.D. Fla. July 16, 2012); Spiller v. Volusia Cnty. Schs., No. 1:09cv109/SPM/AK, 2009 WL 1370805, at *1 (N.D. Fla. May 12, 2009).

---

[1] Upon initial review of Plaintiff's complaint, it did not appear that venue was proper in the Northern District of Florida; therefore, the undersigned issued an order requiring Plaintiff to show cause why this case should not be transferred to the United States District Court for the District of Arizona (*see* doc. 4).  Plaintiff responded to the order, stating that his wife is active duty military and subject to deployment or temporary duty "out of state" or out of the country (doc. 6).  He states that requiring him to litigate this case in Arizona would place a hardship, financial and otherwise, on him and his family (*id.*).

Case No.: 3:15cv167/RV/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **TRANSFERRED** to the United States District Court for the District of Arizona, pursuant to 42 U.S.C. § 2000e-5(f)(3).

2. That the clerk be directed to close the file.

At Pensacola, Florida this 29th day of April 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**